**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA *
*
v. *
*
BARRY ZURYBIDA *

**MOTION TO SEAL**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Terrence P. Donnelly, Assistant United States Attorney, and moves that the accompanying documents - the Government's Motion and Memorandum to Exclude Certain Time Under the Speedy Trial Act (with accompanying Exhibit) be sealed until further Order of this Court. The United States makes this request based upon the fact that the disclosure of the above-referenced materials would reveal matters relating to the grand jury investigating the matter, and would potentially jeopardize the integrity of an ongoing investigation.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

TERRENCE P. DONNELLY
Assistant U.S. Attorney

SO ORDERED:

LINCOLN D. ALMOND
UNITED STATES MAGISTRATE JUDGE

DATE: ____________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 1:07-MJ-00061A |
| | : | |
| BARRY ZURYBIDA | : | |

**GOVERNMENT'S MOTION AND MEMORANDUM TO EXCLUDE CERTAIN TIME UNDER THE SPEEDY TRIAL ACT**

Now comes the United States, and, pursuant to 18 U.S.C. §3161(h), moves to exclude certain time from the operation of the time limit imposed by the Speedy Trial Act. Specifically, 18 U.S.C. §3161(b) imposes a 30-day time period, from the date of arrest, within which an information or indictment must be filed. Here, the parties have agreed in writing that the period from July 9, 2007 through (but no later than) August 16, 2007 be excluded from the §3161(b) time limit. The government moves that this Court order that the period agreed upon be excluded pursuant to 18 U.S.C. §3161(h).[1]

The reasons for granting this Motion are as follows:

1. The defendant has pending State charges, related to the facts of this case. See 18 U.S.C. §3161(h)(1)(D).

2. The parties are engaged in plea negotiations which may lead to the prompt resolution of the complaint, thus fulfilling one of the purposes of the Speedy Trial Act. See 18 U.S.C. §3161(h)(1)(I). As indicated in Exhibit 1, should defense

---

[1] The agreement is attached as Exhibit 1 to this Motion. The time from the filing of this Motion until its disposition, of course, would be excluded pursuant to 18 U.S.C. §3161(h)(1)(F).

counsel notify the government in writing that further plea negotiations would be fruitless, the government agrees that the speedy indictment "clock" would begin running again.

3. As the charges involve the analysis of computer-related media, the charges are complex enough to justify the additional time for the parties to engage in plea negotiations. 18 U.S.C. §3161(h)(8).

For all of the foregoing reasons, the government believes that the ends of justice justify the exclusion of the period from July 9, 2007 through (but no later than) August 16, 2007 , or the time that defense counsel terminates plea negotiations in writing, whichever is sooner.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Terrence P. Donnelly

TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10th, 2007, a copy of the within Government's Motion and Memorandum to Exclude Certain Time Under the Speedy Trial Act was delivered to:

Kevin J. Fitzgerald, Esq.
10 Weybosset Street
Suite 300
Providence, RI 02903

Paulette E. Gamache